# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA DILL** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| **COMPASS GROUP USA, INC.** | : | |
| and | : | |
| **MORRISON MANAGEMENT** | : | JURY TRIAL DEMANDED |
| **SPECIALISTS, INC.** | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Debra Dill, by and through counsel, hereby complains as follows against Defendants Compass Group USA, Inc. and Morrison Management Specialists, Inc.:

### I.   INTRODUCTION

1. Plaintiff has initiated the instant action to redress violations by Defendants of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq*.). Plaintiff was a high-performing employee for Defendants beginning in 2017. After she was diagnosed with certain health-related conditions in August 2023, Defendants bristled at the accommodations she needed, and the occasional time off required for medical appointments, and ultimately drew up a scheme to get rid of her, which they effectuated in September 2024.

## II. JURISDICTION AND VENUE

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

4. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## III. PARTIES

5. Plaintiff is an adult female and citizen of the United States and the Commonwealth of Pennsylvania.

6. Each defendant is an "employer" within the meaning of the ADA because they engaged in an industry affecting commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks

in the current or preceding calendar year.

7. At all times relevant herein, Defendants acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Defendants at all times relevant herein. Defendants are therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

## IV. PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

8. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA. In particular:

   a. Plaintiff filed a timely written charge of discrimination with the Philadelphia district office of the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 1, 2025 where it was assigned charge number 530-2025-04086;

   b. On or about September 11, 2025, the EEOC issued a Dismissal and Notice of Rights;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff also cross-filed her aforesaid charge of discrimination with the

3

Pennsylvania Human Relations Commission.[1]

## V.     FACTUAL BACKGROUND

9.     Plaintiff is a Registered Dietitian and Licensed Dietitian Nutritionist.

10.     Defendant Morrison Management Specialists, Inc. is a wholly-owned subsidiary of Defendant Compass Group USA, Inc.

11.     According to Defendants, they provide quality food and nutritional services to healthcare facilities.

12.     At all times relevant to this case, Defendants provided these services to their client Pottstown Hospital ("Hospital") located in Pottstown, PA.

13.     Defendants hired Plaintiff in or about July 2017 to serve as Director of Food and Nutrition Services at the Hospital.

14.     Plaintiff's position at the Hospital entailed significant responsibilities. She oversaw the menu for the Hospital patients and at its restaurant. She also oversaw catering services and the clinical nutrition services provided. She managed more than 30 employees.

15.     From July 2017 till early 2023, Plaintiff's performance was evaluated as satisfactory or better under several different supervisors.

16.     In or about April 2023, Plaintiff was assigned a new supervisor, Rebecca Tompkins Cservek.

---

[1] Defendants have also violated the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"). When Plaintiff's PHRA claim becomes ripe (one year after her administrative charge was filed), she will add it to this complaint.

17. In or about August 2023, Plaintiff was diagnosed with one or more health conditions that qualify as disabilities under the ADA.

18. In or about September 2023, she requested a reasonable accommodation due to the restrictions her physicians had established.

19. Cservek ignored Plaintiff's accommodation request for months.

20. When it was finally granted in April 2024 (after Plaintiff's complaints to Human Resources), Cservek snapped, "I don't even know how you can hold yourself accountable."

21. During those seven months wherein Plaintiff's accommodation request was ignored, Plaintiff was still expected to complete work that was outside of her work restrictions and when she asked for help, she was told there was no help.

22. Also during those seven months between September 2023 and April 2024 wherein Cservek and Defendants ignored Plaintiff's accommodation request, Cservek and others initiated efforts to excise Plaintiff from her position.

23. In the fall of 2023, after Plaintiff's accommodation request was submitted, Cservek and others met with the dining staff and managers - without Plaintiff - and invited negative feedback about Plaintiff.

24. In or about November 2023, after Plaintiff's accommodation request was submitted, Cservek put Plaintiff on a Performance Improvement Plan based on phony allegations of deficient performance.

25. In or about Thanksgiving 2023, Plaintiff received her bonus for the prior year's work

that was less than half of what Cservek had told her it would be in July.

26.     In or about December 2023, Plaintiff submitted FMLA papers to use time off for medical reasons intermittently as needed. Cservek was aware because thereafter she hassled Plaintiff about how she counted FMLA time.

27.     Also in the fall of 2023, Cservek began grooming a replacement for Plaintiff, and having the projected replacement interact with Defendants' primary contact at the Hospital.

28.     This grooming became so awkward that Defendants' primary contact at the Hospital himself asked Plaintiff why Cservek was bringing this other person to so many meetings, including meetings to which Plaintiff herself was not invited.

29.     In or about late August 2024, Plaintiff submitted a revised request for a reasonable accommodation.

30.     Within approximately one week she was removed from Pottstown Hospital, based on the amorphous and phony explanation of "business reasons." She was given 30 days to find another position within the company, but of course was offered no other position or help in finding another placement.

31.     Plaintiff's tenure at Defendants' client site featured numerous, documented successes.

32.     Most recently, in March 2024 the regulatory reviews and inspections of the Hospital's food facilities were deficiency-free.

33.     As well, in June 2024, Plaintiff's department realized a 10% increase in patient satisfaction scores. This was at a time when the overall satisfaction scores at the Hospital

were down.

34. After Plaintiff was fired for purported "business reasons," Defendants claimed the decision came after the Hospital was surveyed about their satisfaction with Defendants and Plaintiff.

35. Cservek, however, was long dismissive of any negative feedback coming from the Hospital's primary contact, Jim Cook.

36. For example, Cservek commented to Plaintiff, "[Cook] is weird and an odd one, I don't understand why he is trying to control what we do."

37. Cservek also commented, "Why does [Cook] get so involved. He is not an expert in food, we are."

38. For his part, Cook was long dissatisfied with Cservek - not Plaintiff. Cook would tell Plaintiff he didn't "want to deal with [Cservek] anymore" and Cservek "has her own initiatives."

39. In short, Defendants' excuse for firing Plaintiff was pretextual, and the true reason was because they found Plaintiff's disabilities and modest restrictions to be inconvenient and annoying.

### FIRST CAUSE OF ACTION
### DISCRIMINATION ON ACCOUNT OF A DISABILITY
### IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA, as she has physical impairments that substantially limited/limits one or more major life activities.

42. Defendants were aware of the disability and held it against Plaintiff, ultimately firing her.

43. Defendants engaged in knowing, purposeful, and deliberate discrimination against Plaintiff with malice and reckless indifference to Plaintiff's federally-protected rights to be free from employment discrimination based on a disability.

44. As a result of Defendants' unlawful discrimination, Plaintiff has suffered pecuniary losses, physical damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the Americans with Disabilities Act and other applicable federal and state law;

B. Defendants are to promulgate and/or adhere to a policy prohibiting disability discrimination in the workplace, and ensure this policy is fairly and adequately enforced;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole

for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was first terminated until the date of verdict, and Defendants should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

E. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded equitable or injunctive relief as allowed by applicable law;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

I. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and

dictates have been complied with in full by Defendants;

J. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                  Respectfully submitted,

                                  **WEINSTEIN LAW FIRM, LLC**

By: _____
       Marc E. Weinstein, Esquire
       500 Office Center Drive, Suite 400
       Fort Washington, PA 19034
       267.513.1942 tel
       marc@meweinsteinlaw.com
       Counsel to Plaintiff

Dated:       November 18, 2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEBRA DILL

### DEFENDANTS
COMPASS GROUP USA, INC. & MORRISON MANAGEMENT SPECIALISTS, INC.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein WEINSTEIN LAW FIRM, LLC 500 Office Center Dr., Ste. 400, Ft. Washington, PA 19034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 et seq.

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ___ DOCKET NUMBER ___

DATE: Nov 18, 2025
SIGNATURE OF ATTORNEY OF RECORD: *Marc Weinstein*

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ MONTGOMERY COUNTY _____

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. [XXX] Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [XX] **does not** have implications beyond the parties before the court and ☐ **does** / [XX] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[XXX] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.     *[signature]*

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.